cisions of this court to that effect. 2 Branch's An. P. C. § 2014.

The judgment is affirmed.

---

PEOPLE'S SAV. BANK v. MARRS.
(No. 1396.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 30, 1918. Rehearing Denied Nov. 27, 1918.)

1. ATTORNEY AND CLIENT ☞144 — ATTORNEY'S FEES—CONSTRUCTION OF AGREEMENT.

Under agreement by a bank to pay plaintiff attorney's fees for foreclosure against a third party, if the bank collected the full amount on foreclosure, profits made by the bank upon selling the property could not be credited on the foreclosure judgment in order to show that the entire judgment was collected.

2. ASSIGNMENTS ☞48 — EQUITABLE ASSIGNMENTS—ATTORNEY'S FEES.

An agreement between a bank and its attorney that attorney's fees should be incorporated in a foreclosure judgment to the extent of 10 per cent. of the principal and interest, held to constitute an equitable assignment to the attorney of so much of the judgment as represented attorney's fees.

3. ATTORNEY AND CLIENT ☞144—ATTORNEY'S FEES—CONSTRUCTION OF AGREEMENT —INTEREST.

Under an agreement to pay certain attorney's fees if the entire amount of judgment, which included such attorney's fees, should be collected from a third person, if the full judgment were collected the attorney would be entitled to interest not merely from the date of collection, but from the date of the judgment, since collection of the judgment would include interest, which it provided it should bear from its date.

4. EVIDENCE ☞282—DECLARATIONS.

In an action against a bank for attorney's fees included in a judgment against a deceased third person, evidence by plaintiff that the third person had told him to enter judgment for the full amount of attorney's fees was admissible, in view of an instruction by the bank for the inclusion of such fees.

5. EVIDENCE ☞177—COPY OF LETTER.

In an attorney's action against a bank for fees, included in a judgment against a third person, recovered by the bank, a carbon copy of plaintiff's letter to such third person was admissible where such person was dead, and his wife was beyond the court's jurisdiction, and had not been heard of for a year and a half.

Appeal from District Court, Potter County; Hugh L. Umphres, Judge.

Action by Lon D. Marrs against the People's Savings Bank. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellant.

C. E. Gustavus, of Amarillo, for appellee.

HALL, J. Appellee sued appellant bank to recover the sum of $876.98 as attorney's fees due him from said bank for legal services rendered in a foreclosure suit against H. T. Groom, wherein appellee represented appellant in the district court of Potter county. Appellee alleges that H. T. Groom was in-

debted to him and to Mrs. Fannie S. Thompson as well as to appellant, and that such indebtedness was secured by deed of trust liens on three sections of land in Gray county, in the following order of priority: appellee first, appellant second, and Mrs. Thompson third; that with knowledge of this condition, and that appellee was going to foreclose, appellant employed appellee to handle the matter of the collection of its debt and arrange with H. T. Groom the amount of attorney's fees that should be added, it being contemplated that such attorney's fees should be realized from a sale of the lands; that the judgment in favor of appellant was subject to a judgment in favor of appellee, and that a judgment in favor of Thompson was subject to both appellant's and appellee's judgments; that appellee was employed by appellant on or about January 12, 1912, to institute the suit against Groom; that the note executed by Groom to appellant, and upon which suit was filed by appellee, provided for reasonable attorney's fees, and it was agreed between appellee and appellant that the defendant would pay appellee $100 in cash on his fee, and that the remainder due to be recovered and recited in the judgment should not be paid until and unless the defendant should collect the indebtedness due from Groom. Appellee alleged, in the alternative, that appellant directed appellee to arrange and agree with H. T. Groom on the amount of the attorney's fees to be included in the judgment, and that the same should be paid to appellee only in the event the judgment against Groom should be collected; that appellee filed the suit on June 15, 1912, secured a judgment August 31, 1912, which included the sum of $976.98 as attorney's fees; that on or about November 4th said land was sold under sheriff's sale and bought in by W. O. Page, representing appellant bank, and reconveyed to H. P. Thompson by said bank for a consideration of $1,000 cash, and four notes aggregating $20,000, said notes secured by vendor's lien on the land; that appellee received at such time a fee of $100, agreeing that the payment of the remaining $876.98 should await the final collection of appellant's debt. It is further alleged that said judgment, including the attorney's fees, had been fully collected by defendant, such collection, including, among other things, a note for $1,600, signed by Bron & McGregory, placed with appellant as collateral security by H. T. Groom, the principal and interest of which amounted to $1,832; also $6,606.31, collected from the Van Buren estate September 25, 1915, which should be applied as a credit on the Groom judgment; that these amounts, together with the $20,000 in notes given by Thompson, were sufficient to pay off the original judgment against Groom. Wherefore appellee was entitled to recover the remain-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

der of the attorney's fees. Defendant answered to the merits by general denial and a plea of accord and satisfaction, alleging that plaintiff and defendant agreed that plaintiff would accept the sum of $100 as his fee for services in said foreclosure suit, and same was paid to him on November 5, 1913, in full satisfaction and discharge of his claim for attorney's fees. The case was submitted to a jury upon special issues, and resulted in a judgment in favor of appellee against appellant for the sum of $876.98 principal, and interest at 10 per cent. from August 31, 1912, aggregating $1,331.53.

The first assignment, to the effect that the court should have directed a verdict for appellant because the evidence is undisputed that appellee agreed to receive $100 in settlement of his fee, must be overruled. The jury found that defendant bank agreed with plaintiff that, for the latter's services as attorney in the prosecution of its suit against Groom, defendant would pay plaintiff a sum equal to 10 per cent. of the principal and interest on the note placed in his hands for collection, payment of same to be made when such judgment was collected. The jury also found that the sum of $100 paid plaintiff on his fee by the defendant bank was not in full settlement of the amount due him. The question presented is, Is there any evidence in the record which tends to support these findings? Appellee wrote appellant January 8, 1912, suggesting that a fee of $100 or $150 be added to the judgment for him. Appellant replied on January 12th: " * * * You agree with Mr. Groom on the amount to be added to the judgment for your fee." Appellee testified that he discussed with Groom the matter of his attorney's fees, and that Groom instructed him to sue for the full 10 per cent.

By the second proposition under the first assignment it is insisted that, if plaintiff is entitled to any fee above $100, his right to the same is conditioned upon the bank's collecting the full amount of the judgment against Groom. Appellee assents to this proposition, but insists that the evidence shows conclusively that appellant has collected the full amount of its judgment.

[1] We do not believe the record shows that the full amount of the judgment against Groom has been collected by appellant bank. If we admit that the judgment against Groom should be credited with the profit realized by the bank upon the sale of the land to Thompson, the appellee's contention would be correct; but we do not agree with appellee that Groom is entitled to credit on the judgment for this amount.

[2] The agreement between the parties that appellee's attorney's fees should be incorporated in the judgment to the extent of 10 per cent. of the principal and interest constitutes an equitable assignment to appellee of so much of the judgment as represented

attorney's fees. Ives v. Culton, 197 S. W. 619. The record discloses that when the sale was made under order of sale by the sheriff the parties were all there attending the sale. It is further shown that appellant had notified appellee that they intended to bid as much as $21,000 for the property, and stated to appellee that whoever bid more would get the property. Having bought the land at sheriff's sale for $15,000, and having sold it to Thompson for $21,000, appellant cannot be held to account to appellee or to Groom for this difference. This is the effect of this court's holding in Evans v. Carter, 176 S. W. 749. Unless the profit realized upon the sale of the land to Thompson should be credited upon the judgment, it cannot be held that it has all been collected by appellant, and, according to the pleadings of the appellee, his right to recover the balance of the attorney's fees sued for is based upon the full collection of the judgment. It is true appellee testified that he told the officers of the bank, that, if the land was sold under order of sale, he would be entitled to the full 10 per cent. attorney's fees; but he does not say that they agreed to this, and there is no allegation in his pleadings that his right to recover is predicated upon such a contingency as a sale of the land by the sheriff. He alleges:

" * * * And for such services that defendant would pay plaintiff $100 in cash to apply upon the fee that should be earned and recovered by plaintiff under the terms of said note, but that the remainder of such attorney's fees should not be paid by defendant to plaintiff until and unless defendant should collect the indebtedness owing to it and the attorney's fees that should be recovered in the judgment; * * * that, if plaintiff be mistaken as to the allegations in the foregoing paragraph, then, in the alternative, he alleges that defendant authorized and directed plaintiff to sue upon its note, adding and including such attorney's fees thereto as might be arranged and agreed upon with said H. T. Groom, it being contemplated and understood that such attorney's fees should be paid the said Groom, and from the sale of his lands and the proceeds thereof covered by defendant's lien thereon, and that plaintiff should be paid such attorney's fees only when and not unless the judgment to be obtained should be collected, it not being agreed that defendant should pay plaintiff the attorney's fees recovered in the judgment independent of the collection thereof or from other sources than said lands, such judgment to be obtained for and in the name of defendant, including the attorney's fees, which attorney's fees were to belong to and be paid to plaintiff when collected."

We think the court erred in submitting special issue No. 2, because there is no evidence that defendant agreed to pay the balance of the 10 per cent. attorney's fees claimed by plaintiff when Thompson paid for the land, nor do appellee's pleadings support a recovery upon any such ground. This disposes of the second and third assignments.

[3] Under the fifth assignment appellant contends that the judgment is excessive because plaintiff is allowed a recovery of interest on his attorney's fees from August

31, 1912, at 10 per cent., when, according to the pleadings and evidence, if he was entitled to collect such attorney's fees his right was conditioned upon the collection by defendant of the amount of its indebtedness, and such amount, if ever collected, was on September 25, 1916, when appellant received the proceeds of the sale of the Thompson land. This assignment is overruled. If it were shown that appellant had collected the full amount of the judgment, the amount paid would necessarily include the attorney's fees and the interest which the judgment provides it should bear from its date. If, upon another trial, it should appear that appellant has collected the full amount of the judgment, appellee would be entitled to recover the amount of attorney's fees named in the judgment, with interest from its date.

[4] Appellant contends that the court erred in permitting appellee to testify that Groom told him to enter judgment for the full amount of 10 per cent. attorney's fees. This evidence was admissible because, in agreeing with Groom upon the amount of attorney's fees, appellee was obeying the instructions given him by appellant in its letter of January 12, 1912.

[5] We think the carbon copy of appellee's letter to Groom was also admissible in evidence for the same reason. It was shown that Groom had been dead for three years; that his wife was beyond the jurisdiction of the court, and had not been heard from for more than a year and a half.

The judgment is reversed and the cause remanded.